# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 10, 2018

* * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHELCIE INGRASSIA, *as guardian* *ad litem for minor son*, J.I., | * * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 13-10V |
| v. | * | |
| | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Joint Stipulation; Influenza ("Flu") |
| AND HUMAN SERVICES, | * | Vaccination; Focal Onset Seizure |
| | * | Activity. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * *

<u>Neal Fialkow</u>, Neal Fialkow Esq., Pasadena, CA, for petitioner.
<u>Alexis Babcock</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION ON JOINT STIPULATION</u>[1]

On January 4, 2013, Chelcie Ingrassia ("petitioner"), as guardian ad litem for minor son, J.I., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of J.I. receiving an influenza ("flu") vaccine on January 6, 2010, J.I. sustained focal onset seizure activity with residual effects lasting for more than six months.

On January 10, 2018, respondent filed a joint stipulation in which they state that a decision should be entered awarded compensation to petitioner. Joint Stipulation (ECF No. 82). Respondent denies that the flu vaccine caused J.I.'s alleged seizure activity, any other injury, or his current condition. <u>Id.</u> at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

a) **A lump sum of $155,000.00 in the form of a check payable to petitioner as guardian/ conservator of J.I.'s estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

b) **A lump sum payment of $10,000.00 representing compensation for satisfaction of the State of Oregon Medicaid lien, payable jointly to petitioner and**

**Care Oregon
c/o Subrogation Services
722 Country Club Road
Eugene, OR 97401.**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

CHELCIE INGRASSIA,
*As guardian ad litem for minor son, J.I.,*

               Petitioner,

     v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

             Respondent.

No. 13-10V
Special Master Gowen
ECF

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of her son, JI, Chelcie Ingrassia ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to JI's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. JI received his flu vaccination on January 6, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that JI sustained focal onset seizure activity that was caused-in-fact by the flu vaccine. Petitioner further alleges that JI experienced the residual effects of his injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of JI's injury.

1

6. Respondent denies that JI's alleged seizure activity was caused-in-fact by his flu vaccine. Respondent further denies that the flu vaccine caused JI any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum of **$155,000.00** in the form of a check payable to petitioner as guardian/conservator of JI's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and
>
> (b) A lump sum payment of **$10,000.00** representing compensation for satisfaction of the State of Oregon Medicaid lien, payable jointly to petitioner and

Care Oregon
c/o Subrogation Services, Inc.
722 Country Club Road
Eugene, Oregon 97401.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be

used solely for the benefit of JI as contemplated by a strict construction of 42 U.S.C. § 300aa-

15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is or within 90 days of the date of judgment

will become, duly authorized to serve as guardian/conservator of JI's estate under the laws of the

State of Oregon. No payments pursuant to this Stipulation shall be made until petitioner

provides the Secretary with documentation establishing her appointment as guardian/conservator

of JI's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as

guardian/conservator of the estate of JI at the time a payment pursuant to this Stipulation is to be

made, any such payment shall be paid to the party or parties appointed by a court of competent

jurisdiction to serve as guardian/conservator of the estate of JI upon submission of written

documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity and as legal representative of JI, on her own, and on behalf of JI, and his

heirs, executors, administrators, successors or assigns, does forever irrevocably and

unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of JI resulting from, or alleged to have resulted from, the flu vaccination administered on January 6, 2010, as alleged by petitioners in her petition for vaccine compensation filed on January 4, 2013, in the United States Court of Federal Claims as petition No. 13-10V.

15. If JI should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused JI to suffer focal onset seizures or any other injury or his current condition.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of JI.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

**PETITIONER:**

CHELCIE INGRASSIA

**ATTORNEY OF RECORD FOR
PETITIONER:**

NEAL J. FIALKOW
Attorney for Petitioner
Law Offices of Neal J. Fialkow
215 North Marengo Avenue
Third Floor
Pasadena, CA 91101
(626) 584-6060
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

ALEXIS B. BABCOCK
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-7678

Dated: Jan 10, 2018

6