# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 16, 2018

```
* * * * * * * * * * * * * * * * * *
CHELCIE INGRASSIA, as guardian      *        UNPUBLISHED
ad litem for minor son, J.I.,       *
                                    *        No. 13-10V
              Petitioner,           *
v.                                  *        Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *        Hourly Rate Reduction.
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * *
```

Neal Fialkow, Neal Fialkow Esq., Pasadena, CA, for petitioner.
Alexis Babcock, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 4, 2013, Chelcie Ingrassia ("petitioner"), as guardian ad litem for her minor son, J.I., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petition, ECF No. 1.  Petitioner alleged that J.I. sustained focal onset seizure activity as a result of receiving an influenza ("flu") vaccine on January 6, 2010.  Petition at 1.  On January 10, 2018, I issued a decision awarding petitioner compensation based upon the parties' stipulation. ECF No. 83.

On June 26, 2018, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion ("Pet. Mot."), ECF No. 88.  Petitioner requested $101,500.00 as reimbursement for attorneys' fees and $9,174.79 as reimbursement for costs, for a total request of $110,674.79.  Pet. Mot. at 1.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012).  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  Id.  If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 5, 2018, respondent filed a response to petitioner's motion for attorneys' fees. Respondent stated "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner did not file a reply. This matter is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. *Avera*, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), *aff'd after remand*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Petitioner requested $500.00 per hour for the 203 hours of work her counsel, Mr. Fialkow, performed on this case from 2010-2018. Pet. App. at 9. In support of this request, Mr. Fialkow provided examples of cases in which he has been awarded higher rates. *See* Pet. App. Ex. 1 (awarding Mr. Fialkow $750 per hour in *Castro v. Seaton*); *see also* Pet. App. Ex. 2 (awarding Mr. Fialkow $775 per hour in *Sanchez v. Rescare, Inc.*). However, these are not Vaccine Program

cases and do not follow the hourly rate ranges established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.[3]

Mr. Fialkow has previously been found entitled to forum rates.  *See e.g., Mazurek v. Sec'y of Health & Human Servs.*, 10-493V, 2017 WL 2927417 (Fed. Cl. Spec. Mstr. May 31, 2017); *Davis v. Sec'y of Health & Human Servs.*, No. 14-978V, 2017 WL 656304 (Fed Cl. Spec. Mstr. Jan. 23, 2017); *Gomez v. Sec'y of Health & Human Servs.*, No. 15-160V, 2017 WL 587228, at *2 (Fed Cl. Spec. Mstr. Jan. 18, 2017).  Mr. Fialkow has been practicing law for over forty years and has been practicing before the Vaccine Program for over twenty years.  Pet. Mot. at 6.  Other special masters have awarded Mr. Fialkow an hourly rate of $425.00, consistent with his years of relevant experience.  *See, e.g., Mazurek*, 2017 WL 2927417; *Baldwin v. Sec'y of Health & Human Servs.*, 09-694V, 2017 WL 4229074 (Fed. Cl. Spec. Mstr. Aug. 29, 2017).  I will keep in accord with these decisions and award Mr. Fialkow a rate of $425.00 per hour for the 203 hours he expended on this case, **resulting in a reduction of $15,225.00**.  Mr. Fialkow should note that when requesting an hourly rate increase in the future, he should file a billing log reflecting totals using his previously awarded rate as well as a billing log reflecting totals from the requested rate in order to expedite review of his motion.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  The expenses incurred are well-documented and based on my experience they appear reasonable.  I find no cause to adjust the time expended or the costs.

## II.   Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED.**  I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $101,500.00 |
| Reductions (attorney rates) | - $15,225.00 |
| **Adjusted Fees Total:** | **$86,275.00** |
| Requested attorneys' costs: | **$9,174.79** |
| **Total Attorneys' Fees and Costs Awarded:** | **$95,449.79** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $95,449.79, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Neal Fialkow of Neal Fialkow Esq.**

---

[3]   The OSM Attorneys' Forum Hourly Rate Fee Schedules for 2015-2018 are available at: http://www.cofc.uscourts.gov/node/2914 (last accessed August 16, 2018).

In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.