# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 18, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| CHELCIE INGRASSIA and                     * | |
| ERIC INGRASSIA, *as Co-Conservators* * | |
| *Of Their Minor Child*, J.I.,                     * | UNPUBLISHED |
|                                                              * | |
|                    Petitioner,                     * | No. 13-10V |
|                                                              * | Special Master Gowen |
| v.                                                         * | |
|                                                              * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH               * | |
| AND HUMAN SERVICES,             * | |
|                                                              * | |
|                    Respondent.                   * | |
| * * * * * * * * * * * * * | |

<u>Neal J. Fialkow</u>, Neal Fialkow Esq., Pasadena, CA, for Petitioner.
<u>Alexis B.Babcock</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 31, 2018, Chelcie and Eric Ingrassia ("Petitioners"), as co-conservators of their minor child, J.I., filed a supplemental motion for attorneys' fees and costs. Petitioner's Supplemental Motion for Attorney Fees ("Fees App.") (ECF No. 99). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $9,052.00.

I.     **Procedural History**

On June 26, 2018, Petitioners filed their first motion for attorneys' fees and costs. ECF No. 88. On August 16, 2018, I issued my decision granting Petitioners' motion and awarded Petitioners $95,449.79 in attorneys' fees and costs. *Ingrassia v. Sec'y of Health & Human Servs.*, No. 13-10V, 2018 WL 4390515 (Fed. Cl. Spec. Mstr. Aug. 16, 2018).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On August 15, 2018, Petitioners filed a supplemental motion for attorneys' fees and costs. Petitioners request compensation for their attorney, Mr. Neal Fialkow, in the total amount of $9,052.00, representing $7,480.00 in attorneys' fees and $1,572.00 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner indicates that he has incurred expenses in this case totaling $400.00, representing the amount of the filing fee for his petition. *Id.* at 2. Petitioners state that their first motion was filed due to running up against the six month statutory cut off for requesting fees and costs in the Vaccine Program, but that at that time the conservatorship-guardianship had not yet been perfected by Petitioners' counsel. *Id.* at 1. Thus, the instant supplemental fees motion covers all work performed on the case from June 26, 2018 to August 31, 2018. *Id.*

Respondent reacted to the fees motion on September 12, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 48). Petitioner did not file a reply. Accordingly, the matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioners in this case were awarded compensation pursuant to a stipulation, and therefore they are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioners request that their attorney, Mr. Fialkow, be compensated at a rate of $425.00 per hour for all work performed on this matter in 2018. Fees App. at 2. This rate is consistent with what I previously awarded Mr. Fialkow in this case. *See Ingrassia*, 2018 WL 4390515, at *2. Accordingly, no adjustment to the requested rate is required.

As before, I have reviewed the billing records submitted with Petitioners' motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. Respondent has not identified any particular entries as objectionable, and based on my experience, the time billed for these entries appears to be reasonable. I find no cause to adjust the time expended on this matter. Accordingly, Petitioners are awarded $7,480.00

in attorneys' fees.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,572.00. This cost is for compensation for Petitioners' other attorneys, Erik Glatte and Jacqueline Burnick, for work performed in establishment of the conservatorship for J.I – Mr. Glatte billed $300.00 per hour for his services while Ms. Burnick billed at $240.00 per hour. Fees App. at 10. As before, I have reviewed the submitted documentation for this cost and I find it to be well-documented and the rates and time expended to be reasonable. Accordingly, Petitioners are awarded $1,572.00 in attorneys' costs.

### III. Conclusion

In accordance with the foregoing, Petitioners' motion for supplemental attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Awarded | $7,480.00 |
|---|---|
|  |  |
| Attorneys' Costs Awarded | $1,572.00 |
|  |  |
| **Total Amount Awarded** | **$9,052.00** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $9,052.00, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to petitioners and their attorney, Mr. Neal Fialkow, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).